Mr. Chief Justice TANEY
 

 delivered the opinión of the court.
 

 This case was brought up, by a writ of error, directed to the judges of the Supreme Court of the Territory of Minnesota, . he writ being returnable to the last term' of this court. The
 
 *84
 
 case was docketed and called for trial according to the rules of the court;' but, upon inspection of the transcript, it appeared that there was no final judgment in the court below, and the case was therefore dismissed for want of jurisdiction.
 

 At a subsequent day in that term, a motion was made by the plaintiff in error for a
 
 certiorari,
 
 upon affidavits filed, suggesting that there had been a final judgment in the Territorial court, although it had not been correctly entered on the record. . But the court were of opinion that the affidavits were not sufficient to support the motion, and refused the
 
 certiorari.
 

 A motion has been made at the present term to annul the order of dismissal made at the last term, and to place the suit on the calendar in the same order in which it would haye stood if it had not been dismissed, but continued over to the present term. And in support of this motion, a transcript from the Territorial court has again been presented; and this transcript contains a final judgment pf the Supreme Court of the Territory. It is certified by the clerk of the District Court of the United States, to whose custody the record and proceedings in this case have been transferred, pursuant to an act of Congress; and this transcript, among other things, certifies that an amended order pf the Supreme Court of the Territory, reversing the judgment of the inferior Territorial court, and ordering a judgment for defendants, and an amended judg- . ment pf the said court to thefiame effect was on file in his office, transferred with the other proceedings in the case from the Supreme Territorial Court.
 

 But we think .the motion to annul the judgment of the last term, and reinstate the case, cannot be granted. The suit is a' common-law action for a .trespass on real property, and the judgment of the court below can be brought heré-for revision by writ of error only. That writ was issued by the plaintiff in error, returnable to the last term of this court; and it brought the transcript before us at that term. It was judicially acted on, and decided by this court. And when the term closed, • that decision was final so far as concerned the ■ authority and jurisdiction of this court under that writ. The writ was
 
 functus,
 
 officio; and if the parties desire to bring the record bt
 
 *85
 
 the case again before this court) it must be done by another writ of error. The former writ is not returnable to the present teriri, and,cannot therefore, according to the principles which-govern this common-law writ, bring the record before us.
 

 The case of the Palmyra (12 Wheat., 1) has been referred to, where a motion similar to the present was granted by the court. And if that had been a case :at common law, we might have felt ourselves bound to follow it, as establishing the law . of this court. But it was a case in admiralty, where the power and jurisdiction of an appellate court is much wider upon ap-, peal, than, in a ease at common law. For, in pn admiralty case, you may in this'court amend the pleadings, and take new., evidence, so as in effect to maké it a different case from that, decided by the court below. And the court might well, therefore, deal with the judgment and appeal of the inferior tribunal in, the same spirit. But the powers which an appellate court may lawfully exercise in an admiralty proceeding, are altogether inadmissible in a common-law suit.
 

 The case in 3 Pet., 481, relates to cases and questions of a different character from the one before us. In that case the judgment of the court at the preceding term was amended. But the amendment was made to correct a clerical 'error- in 'ibis court, and make the judgment conform to .that which the court intended to pronounce. But this is not a motion to amend, but to reverse and annul the judgment of the last term, which was passed upon full consideration, with the case regularly and legally before us, as brought up by the writ of error.
 

 *We refer to these two cáses because they have been relied on in support of the motion. But, in the judgment of the court, they stand on very different principles; and the motion, for the reasons above stated, must be overruled.