## FULTZ v. LAIRD.

Circuit Court of Appeals, Sixth Circuit.
February 18, 1928.

No. 4822.

1. **Appeal and error ⊜═346(2)—Motion to dismiss appeal, purporting to be from one decree, on ground that it was not within time permitted after entry of prior decree, denied.**

Appeal should not be dismissed on the ground urged, that it was not taken within statutory time after entry of certain decree, it purporting to be from a later decree, and with respect to it being seasonable.

2. **Judgment ⊜═326—Failure to insert in decree right reserved by consent to change it held clerical mistake or inadvertence, allowing correction at later term by nunc pro tunc order.**

Where, on objection to damage feature of proposed decree canceling option, judge announced that he would enter decree containing such feature, but that he would receive and consider briefs on the point, and, if he changed his mind about it, decree should be changed accordingly, and with this understanding, concurred in by both counsel and court, proposed decree was entered, failure to insert such reservation in the decree, where only it could be effective, was a mistake, and in a fair sense an inadvertence, and so such a clerical error or inadvertence as might be corrected at a later term by a nunc pro tunc order.

3. **Judgment ⊜═329—Course pursued, while irregular, held in effect short cut for entry of corrected nunc pro tunc decree, inserting reserved power to change, with decree making change so authorized.**

A new decree to the same effect as that of former term, except that award of damages was omitted, *held*, while irregular, to be in substance and effect a short cut for nunc pro tunc decree, inserting in former decree reserved power to make such change, omitted therefrom by mistake, with decree acting on such reserved power.

Moorman, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the Eastern District of Michigan; Arthur J. Tuttle, Judge.

Suit by Royal A. Fultz against Chloe A. Laird. From a decree for plaintiff, defendant appeals. Affirmed.

Lewis J. Weadock, of Bay City, Mich. (Sprague & Shepherd, of Cheboygan, Mich., on the brief), for appellant.

Robert S. Beach, of Saginaw, Mich. (Beach & Beach, of Saginaw, Mich., on the brief), for appellee.

Before DENISON, MOORMAN, and KNAPPEN, Circuit Judges.

DENISON, Circuit Judge. The appellee, as plaintiff, filed a bill in the court below, seeking to cancel of record a written option which she had given to defendant for the purchase by him of lands belonging to her. There was an earlier sale contract outstanding to another, upon which the purchaser had made default, and which was therefore subject to elimination by foreclosure. The option provided that, if the old contract were not legally foreclosed, then the option should not be binding. A controversy arose as to which party, plaintiff or defendant, carried the burden of clearing the title by foreclosing this contract. Claiming that plaintiff, by not foreclosing, was in default, defendant made no attempt to meet the terms of the option; while the plaintiff, claiming that defendant was thus in default, filed this bill. The trial court decided for the plaintiff upon the merits, and on May 19, 1926, entered a formal decree canceling the recorded option as a cloud on plaintiff's title and awarding to plaintiff $400 as special damages. At the next term of court and on November 6, 1926, the court entered a new decree to the same effect, but omitting the special damages.

[1] Defendant brought this appeal. Plaintiff below, appellee here, moved to dismiss the appeal because it was not taken within the time permitted after the decree of May 19. However, it was taken promptly after the decree of November 6. It purports to be an appeal from that, and not from the earlier one; it should not be dismissed for the reason urged. At the same time, we may not overlook the possible lack of jurisdiction which the circumstances suggest, because, if there was no jurisdiction to enter the second decree, we ought to vacate it on our own motion.

[2, 3] There is no occasion to question the general rule that jurisdiction expires with the term unless the case is in some way carried over, and upon the face of this record there is nothing entered during the earlier term which would have that effect. It appears without substantial, if any, dispute by the moving papers that on May 19 the decree was discussed between counsel, objection was made to the $400 feature, and the judge announced that he would enter the decree containing that feature, but that he would then receive and consider briefs on that point from counsel, and that, if he changed his mind about it, the decree should be changed accordingly. With this understanding, joined in by both

counsel and by the court, the matter rested. Upon his next visit to this division point, being at the next term, the judge announced his change of mind and entered the modified decree. This decree contained the further finding and order: "It is further ordered, adjudged, and decreed that the decree heretofore and on May 8 [19], 1926, entered herein is hereby vacated and set aside, for the reason that said decree was by consent of counsel entered subject to the right of the court to modify as is here done."

Here is a finding by the court that the decree entered on May 19 by the clerk had omitted a provision then agreed upon by court and counsel. This finding not only imports verity, but it is unchallenged. The failure to insert this reservation in the only place where it could be effective was certainly a mistake, and, in a very fair sense, an inadvertence, and hence appears such a clerical error, or inadvertence, as may be corrected at a later term.[1] There was thus full justification for the entry, nunc pro tunc as of May 19, of the decree which had been then entered, plus the clause of reservation; and if this had been done the jurisdiction to act at the next term on the question reserved would have been clear. The course which actually was taken, while irregular, was in substance and effect a mere short cut for the entry of a formal and corrected decree nunc pro tunc as of May 19; and we thus conclude that the entry of the corrected decree at the next term was not without jurisdiction.

Upon the merits we agree with the court below. The contract is ambiguous; but the correspondence and conduct of the parties and the natural inferences are all to the effect that the burden was upon the optionee to get the title clear, if he wanted to buy. The proposition that the plaintiff had waived this right, and had assumed the burden herself, depends upon a disputed question of fact. Both parties were witnesses. The court saw and heard them. There is no reason why we should disturb the conclusion.

The judgment is affirmed.

MOORMAN, Circuit Judge (dissenting). The decree of November 6, 1926, set aside a final decree entered at a former term of the court. It is settled, of course, that there is

[1] Murphy v. Stewart, 2 How. 263, 282, 11 L. Ed. 261; Ætna Ins. Co. v. Boon, 95 U. S. 117, 126, 24 L. Ed. 395; Re Wight, 134 U. S. 136, 143–146, 10 S. Ct. 487, 33 L. Ed. 865; Gonzales v. Cunningham, 164 U. S. 612, 623, 17 S. Ct. 182, 41 L. Ed. 572; Lynah v. U. S. (C. C.) 106 F. 121, 122; In Re Welty. (D. C.) 123 F. 122, 126–128.

no jurisdiction in a court to enter such a decree, except to correct a clerical error or inadvertence in the former decree. In my opinion, the decree of November 6th does not come within the exception to this rule. The clerk made no mistake in entering the first decree. It was the decree, so far as the record shows, that he was directed to enter, and that the court intended to enter; and, as said in Wetmore v. Karrick, 205 U. S. 141, 27 S. Ct. 434, 51 L. Ed. 745, nothing was left out of it "which the court intended to make a matter of record." The statement (or finding, as it is called in the majority opinion) in the decree of November 6th, "that said decree [the one of May 8th] was by consent of counsel entered subject to the right of the court to modify as here done," shows at most, it seems to me, that the former decree was entered with the understanding that the court might, if it chose, modify it as to the $400. It does not show that this agreement or understanding was omitted from the decree through clerical error or inadvertence, but, as I construe it, that the decree entered was precisely what the court intended should be entered. In the later decree the court, I think, undertook to change what it had adjudged in the first one, and not to correct a clerical error or inadvertence therein. This, I think, it could not do. Phillips v. Negley, 117 U. S. 665, 6 S. Ct. 901, 29 L. Ed. 1013; Hickman v. Ft. Scott, 141 U. S. 415, 12 S. Ct. 9, 35 L. Ed. 775; Wetmore v. Karrick, 205 U. S. 141, 27 S. Ct. 434, 51 L. Ed. 745; United States v. Mayer, 235 U. S. 55, 35 S. Ct. 16, 59 L. Ed. 129; and 1 Freeman on Judgments (4th Ed.) § 121.