## UNITED STATES v. STERLING et al.
### No. 405.

Circuit Court of Appeals, Second Circuit.
April 30, 1934

Martin Conboy, U. S. Atty., of New York City (William E. Collins, Sp. Asst. to U. S. Atty., of New York City, of counsel), for the United States.

Curtin & Glynn, of New York City (Harold Harper, of New York City, of counsel), for defendant-appellee Commercial Trust Co. of New York.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This suit was dismissed upon a general call of a calendar made up of all pending equity causes begun since June 1, 1907, which had not been disposed of and in which no action had been taken within one year. The order of dismissal was made pursuant to General Rule XXXIII of the United States District Court for the Southern District of New York which, so far as is material, is as follows:

"*Dismissal for Want of Prosecution.* Causes which have been pending in this Court for more than one year without proceedings having been taken therein during such year may be dismissed as of course, for want of prosecution, by the Court on its own motion, at a general call of such causes as the Court may, from time to time, direct to be included in a general call, notice of which call shall have been published in the New York Law Journal or otherwise given as the Court may direct. * * * Notices of dismissal by the Court on its own motion shall be given by mail by the Clerk to the attorneys of record for all parties who have appeared in the causes. For the purpose of a motion to vacate such a dismissal of the Court of its own motion, the term of Court at which the cause is dismissed is extended until thirty days from the date of such mailing of notices by the Clerk."

The present suit was originally brought on the law side of the court to recover from the defendant Commercial Trust Company of New York freight moneys earned by the sailing vessels Arapahoe and Tonawanda, which were received by George W. Sterling as trustee, and thereafter paid by him to the trust company, which claimed the moneys as collateral for loans which it had made. The cause was transferred to the equity docket, and an amended complaint was filed seeking to have an equitable lien declared upon the fund in favor of complainant. The court granted an interlocutory decree that the complainant, United States, recover out of the fund the amount of such disbursements as it had made in order to complete the voyages of the vessels (thus causing the freight moneys to be earned) and appointed a special master to report the amount which the government was entitled to be repaid out of the freight moneys that had been turned over by Sterling to the trust company. The interlocutory decree adjudging the rights of the parties and appointing the special master to report as to the amount of complainant's lien was entered February 7, 1928. The trial of the reference proceeded before the master, and the testimony was closed; all briefs were filed, and the matter was finally submitted for his decision on or before October 19, 1930. There was long delay in the preparation of the master's report. After various inquiries of the master as to when his report would be filed, counsel for complainant telephoned the attorney for the Commercial Trust Company on July 10, 1933, and asked

him to join in an urgent request to the master to file his report. Thereupon counsel learned for the first time from the attorney for the trust company that an order had been made in June, 1932, dismissing the suit for lack of prosecution under Rule XXXIII of the District Court. .

This cause, with others on the equity side of the District Court, was published in the New York Law Journal in accordance with the rule for five successive days. No party appeared on the call of the calendar on June 16, 1932, and the suit was accordingly dismissed on the court's own motion. The publication in the Law Journal was not noticed by counsel for the government because of a neglect to note in the office docket the transfer from the law to the equity side of the court.

A notice of dismissal of the cause seems to have been mailed by the clerk to the United States attorney addressed to the office of the latter in the post office building which was the address appearing in the original summons. But the complaint and subsequent legal papers gave the address as "45 Broadway, Borough of Manhattan, New York City," which was the office of the counsel for the Shipping Board who had general charge of this litigation and were special assistants to the Attorney General for that purpose.

On learning of the dismissal of the suit, by order of June 20, 1932, the attorney for the complainant made a motion in July, 1933, to vacate the order dismissing the cause under Rule XXXIII. The District Judge denied the motion on the ground that the court was without power to vacate a final decree after the expiration of the term in which it had been rendered, unless proceedings for that purpose were initiated during the term.

The claim for which the United States sought to prove its lien amounted to $90,-985.05, and it is stated in the government's brief, and was reiterated upon the argument of the appeal, that, after the motion to vacate the order of dismissal was made, the master's report was filed.

The complainant has based its appeal upon the following grounds: (1) The original order of dismissal was invalid because it was made on account of the delay of a court officer; (2) the clerk had not complied with the provisions of the rule as to notice to the attorney for the complainant; (3) the dismissal was due to a mistake of the clerk, whose error could be corrected after the expiration of the term; (4) a court of equity possessed

jurisdiction to afford a remedy where the injustice was so manifest.

It is the general rule that final decrees or other final orders cannot be disturbed after the term at which they are rendered. United States v. Mayer, 235 U. S. 55, 35 S. Ct. 16, 59 L. Ed. 129; Wetmore v. Karrick, 205 U. S. 141, 27 S. Ct. 434, 51 L. Ed. 745; Phillips v. Negley, 117 U. S. 665, 6 S. Ct. 901, 29 L. Ed. 1013; Bronson v. Schulten, 104 U. S. 410, 26 L. Ed. 797; Brooks v. Railroad, 102 U. S. 107, 26 L. Ed. 91. The order dismissing the present cause was a final decree for the purpose of any action which had to be taken within the term at which it was entered and could not be vacated except under special circumstances. One of the things which has long been recognized as a ground for the annulment of a final decree is the mistake or misprision of the Clerk. United States v. Mayer, 235 U. S. 55, 67, 35 S. Ct. 16, 59 L. Ed. 129. We think that there was such a mistake in the present case. While the special call calendar here was made up pursuant to the order of a District Judge and in a literal sense the cause might be said to be in the class of "Causes which have been pending * * * for more than one year without proceedings having been taken therein during such year," we cannot regard the general rule limiting the control of a court over its decree to the term at which the decree is rendered as applying to a cause on trial or awaiting decision by a judge or master. Certainly, if a suit has been finally submitted to a judge, and he has neglected to render his decision for more than a year, it seems most unjust to visit any penalty for the delay upon a plaintiff whose cause of action may thus become barred by the statute of limitations. The only difference between a proceeding before a master and a proceeding before a court is that in the latter case a party, under General Equity Rule 60 (28 USCA § 723), is at liberty to apply to the court for an order directing the master to make his report. This rule is a substitute for what in New York was the practice of attaching the person of a referee who neglected to report promptly. Thompson v. Parker, 3 Johns. 260; Stafford v. Hesketh, 1 Wend. 71.

We think that Equity Rule 60 (28 USCA § 723) provides the proper remedy for expediting the report of a master and that, as a matter of reasonable construction, particularly in view of Rule 60, Local Rule XXXIII of the District Court cannot be regarded as

justifying the clerk in placing the present cause upon the call calendar of cases noticed for dismissal. Judge Knox has so interpreted Local Rule XXXIII in "Bern-Exbrook" (Murray Transportation Co. v. Steam Tug Bern and Perth Amboy No. 1 and Steamer Exbrook) —— F. Supp. ——, 1934 A. M. C. 396 (D. C.). In Wetmore v. Karrick, 205 U. S. 141, 153, 27 S. Ct. 434, 51 L. Ed. 745, in quoting from Marsh v. Nichols, Shepherd & Co., 128 U. S. at page 615, 9 S. Ct. 168, 171, 32 L. Ed. 538, the court said:

"A clerical error, as its designation imports, is an error of a clerk or a subordinate officer in transcribing or entering an official proceeding ordered by another."

Here the clerk placed this cause on the list for a general call though it was not within the class of causes embraced in Local Rule XXXIII or in the order directing the publication of the calendar. The mistake was therefore one which might be remedied by the court after the expiration of the term. Such relief was, in substance, granted by the Supreme Court of Missouri in Stacker v. Cooper Circuit Court, 25 Mo. 401. There a plaintiff had recovered a judgment before a justice of the peace and the defendant had appealed to the Circuit Court. By agreement of the parties the cause was referred to a referee to report at the next term. No report was made, and, on application of the plaintiff, the judgment of the justice of the peace was affirmed and judgment was entered for the plaintiff because the defendant had failed to prosecute his appeal. The following year and after the expiration of the term, on motion of the defendant, the judgment so entered was set aside. The plaintiff thereupon, by a writ of mandamus, sought to compel the court to issue an execution on the judgment, contending that the vacation of it after the end of the term had been illegal. In the course of its opinion relating to the propriety of issuing the writ of mandamus the court remarked:

"Regularly, after the term at which a final judgment is entered, it cannot be affected by the court in which it is rendered. But if the judgment is irregular, such as might be recalled by writ of error coram vobis, then the court may, on motion, correct the irregularity. Here the final judgment was entered when the order of reference was still in force. * * * But referees appointed by the court are, like jurors, subject to its orders; and if they fail to comply with an order of reference, the time of performance may be enlarged. After an order of reference has been made, until the order is disposed of, no step can be taken in the cause towards obtaining a final judgment. It would be a surprise on a party to non pros. him for not prosecuting his suit when there was in existence an order for its reference. The party should either have taken steps to have the order of reference executed, or he should have moved to set it aside and have the cause placed on the docket. As the final judgment was irregularly entered, it was properly set aside."

Mr. Freeman in his book on Judgments (5th Ed.) p. 432, cited the decision in Stacker v. Cooper Circuit Court, supra, with approval and enunciated the same rule: "A judgment entered while an order of reference is unexecuted is irregular and will therefore be vacated at any time."

A mistake of the clerk, whereby the court is induced to enter a wrong judgment like a misrepresentation by a party or his counsel (even though innocent) upon which a judgment has been founded is a ground for annulling the judgment even after the term has ended. In either case the court may modify or vacate the judgment without resort to a separate suit in the nature of a bill of review. Winslow v. Staab (C. C. A.) 242 F. 426.

It is contended that in Wetmore v. Karrick, 205 U. S. 141, 27 S. Ct. 434, 51 L. Ed. 745, the Supreme Court refused relief after the term had expired in a situation like the present. But there an action had been dismissed by mistake of the court on a call of the docket after the term had ended though the court's minutes showed that a verdict for the plaintiff had been rendered and a motion to set it aside had been denied and exceptions filed. There was no mistake of the clerk, as here, in making up the calendar. Moreover, the order of dismissal was stricken out without notice. The court decided no more than that the latter could not be done.

While we must regard as careless the failure of the counsel in general charge of the litigation to observe the case on the general call calendar in 1932 and the failure of the United States attorney to inform counsel of the order of dismissal, notice of which was mailed to him by the clerk, there can be no justice in depriving the government of the decree in its favor because of these mistakes. They would never have been possible if the cause had not been erroneously placed on the call calendar. That initial mistake caused the whole trouble.

The order of the District Court is reversed, with directions to the District Court to vacate the order of dismissal.