## SUPERIOR FIRE INS. CO. v. MARTIN.

### CAMDEN FIRE INS. ASS'N v. SAME.

### Nos. 5473, 5478.

Circuit Court of Appeals, Seventh Circuit.

Dec. 6, 1935.

Rehearing Denied Jan. 10, 1936.

Frederick D. Silber, Donald N. Clausen, and Herbert W. Hirsh, all of Chicago, Ill., for appellant Superior Fire Ins. Co.

Samuel Levin and Philip S. Campbell, both of Chicago, Ill., for appellant Camden Fire Ins. Ass'n.

D. R. Anderson, of Joliet, Ill., and Charles S. Deneen, Roy Massena, and Donald N. Schaffer, all of Chicago, Ill., for appellee.

Before EVANS and ALSCHULER, Circuit Judges, and STONE, District Judge.

STONE, District Judge.

These appeals are from orders entered by the District Court granting petitions to vacate orders entered at a prior term of the court dismissing for want of prosecution two suits instituted by one George H. Martin, one against the Superior Fire Insurance Company and the other against the Camden Fire Insurance Company. There is no dispute as to the facts in these cases, and the same questions of law are involved in both appeals.

These suits were originally commenced in the Circuit Court of Will County, Illinois, but were removed to the United States District Court for the Northern District of Illinois, Eastern Division, on January 8, 1930, and thereafter the defendants in each case filed a general and special demurrer to the declaration. No further proceedings were had until September 26, 1932, when the cases were dismissed for want of prosecution.

On October 8, 1934, identical petitions to vacate the orders of dismissal were filed by appellee and the same proceedings were had in each case, resulting in orders entered on November 26, 1934, vacating the orders of dismissal and reinstating the cases.

The petitions to vacate the orders of dismissal alleged in part that the causes were dismissed for want of prosecution without the actual knowledge of the plaintiff, or his attorneys; that rule 14 of the United States District Court of the Northern District of Illinois, Eastern Division, reads as follows: "Trial calendars of law cases at issue will be prepared by the Clerk whenever the Court shall direct and printed copies furnished for the use of the Court and attorneys. Cases on which such notices have been filed will be entered for trial, unless the Court shall otherwise order. The government cases taking precedence." The petitions to vacate also alleged that no disposition had been made of the demurrers on the date the dismissal orders were entered; that the causes were not at issue and should not have been placed on the trial calendar.

Defendants' answers to the petitions alleged in part that the practice of the clerk of the District Court was to place on the calendar from time to time all pending actions at law, irrespective of whether or not such cases were at issue; that, after 1927, no printed calendars were prepared and that, since 1920, it has not been necessary to file notices of trial in order to have cases placed on the trial calendar; that in September, 1932, the Senior District Judge of said district orally instructed the clerk of the court to prepare a calendar of all actions at law then pending as shown by the clerk's docket and that the cases be called before one of the District Judges; that the instructions given to the clerk were complied with, and that, on September 21, 1932, a notice was published in the Chicago Daily Law Bulletin to the effect that on September 26, 1932, three hundred law cases would be called and disposition made thereof by the District Court and that the cases were listed on the calendar in the clerk of court's office for examination by counsel. Included in the list of cases were the ones now before this court. On September 26, 1932, these cases which were on the trial calendar were called in their order. No one appeared for plaintiff, and the court ordered both cases dismissed for want of prosecution. On September 27, 1932, a notice that said orders of dismissal were entered was also published in said law bulletin.

At the time the orders of dismissal were entered, the attorney of record for plaintiff resided at Joliet, Ill., although a Chicago law firm was employed as associate counsel for plaintiff shortly after the removal of these cases to the District Court. Plaintiff's attorney first learned that the cases had been dismissed shortly before the petitions for reinstatement were filed.

The trial court granted the petitions to vacate the orders of dismissal, and, from that order the defendants have appealed.

It is conceded that the orders reinstating these cases were entered after the expiration of the term at which the orders of dismissal were entered, and, while other alleged errors are cited, the only material question presented on this appeal which we need consider is whether the District Court exceeded its jurisdiction in vacating the orders of dismissal after the expiration of the term.

In 1932, there were four District Judges in the Northern District of Illinois. Section 27 of title 28 U.S.C.A. provided as follows: "In districts having more than one district judge, the judges

may agree upon the division of business and assignment of cases for trial in said district; but in case they do not so agree, the senior circuit judge of the circuit in which the district lies, shall make all necessary orders for the division of business and the assignment of cases for trial in said district."

The District Courts of the United States have the power to adopt rules covering procedure in law cases. Janoske v. Porter (C.C.A.) 64 F.(2d) 958.

The District Court for said district adopted rule 14 herein referred to. It was a rule of record and governed the procedure to be followed in the preparation of the trial calendar of law cases and limited such calendar to those at issue. This rule was binding upon the clerk of the court and litigants. The clerk had no right to disregard this rule. Rule 14, once promulgated, must be applied to all cases which come within its provisions until it is repealed by the authority which made it, that is, by action of a majority of the four judges. Certain rules of court have the force of law and rule 14, not being inconsistent with the statute, became the law of procedure in matters to which it related, to the preparation of trial calendars. Weil v. Neary, 278 U.S. 160, 49 S.Ct. 144, 73 L.Ed. 243. Attorneys practicing in the District Court had a right to rely upon this rule relating to the procedure in the calling of cases. In Beveridge v. Hewitt, 8 Ill.App. 467, 474, it was said with reference to the rules of court: "So long as these rules remained in force they were the law of the court. It was not within the province of the court to enforce or dispense with them as convenience might dictate, and parties were warranted in relying upon their enforcement and governing their conduct accordingly. Were it otherwise, such rules, instead of simplifying and facilitating the business of the court, would become mere snares and traps for the feet of litigants."

This case was not at issue, but, through a mistake of the clerk, it was placed on the trial calendar and the order of dismissal was caused by this error. Plaintiff's attorneys, undoubtedly relying on rule 14, were warranted in the belief that these cases would not be placed on the trial calendar until the demurrers had been disposed of and the cases were at issue. A judgment of dismissal which was caused by a mistake or oversight of the clerk is voidable and may be corrected at a subsequent term of the court. Wetmore v. Karrick, 205 U.S. 141, 27 S.Ct. 434, 51 L.Ed. 745.

It follows that the District Court properly vacated the orders of dismissal.

Judgment affirmed.