PEARSON, Judge.
The appellant was granted a summary final decree in a suit to quiet the title to a parcel of land claimed by the City of Miami as a city street. Thereafter the City of Miami, a defendant in the suit, filed a motion for relief pursuant to Rule 1.38(b) Florida Rules of Civil Procedure, 1965 Revision (now Rule 1.540(b), 1967 Revision, 30 F.S.A.). The motion for relief was filed more than 90 days after the entry of the final decree and less than one year from its entry. At the same time the City filed a sworn motion for immediate temporary injunctive relief in order to preserve the status quo of the property. An attempt was made to notify appellant’s attorney, but he was out of town and would not return for two days. The motions were brought before the trial judge and at the same time a copy of said motions were mailed to appellant’s attorney. The trial judge found the motion sufficient under Rule 1.38(b), and he also granted the temporary injunctive relief. This interlocutory appeal is from the order granting the injunctive relief.
Appellant does not claim error in the failure to receive notice of the motion for relief under Rule 1.38(b). Appellant does contend that the injunction was erroneously issued because it was issued without notice. An examination of the motion for relief reveals that it is sufficient for relief pursuant to Rule 1.38(b). Since there was no allegation of error concerning lack of notice for the motion for relief, we do not consider the point.
Rule 1.38(b) of Florida Rules of Civil Procedure was borrowed from the Federal Rules of Civil Procedure 60(b). See Florida Civil Practice After Trial, § 1.32. It should be noted that the Federal Courts have held that notice of the motion is required under Rule 60(b) of the Federal Rules of Civil Procedure, which rule is substantially similar to Rule 1.38(b). See Wetmore v. Karrick (1907) 205 U.S. 141, 27 S.Ct. 434, 51 L.Ed. 745; 7 Moore’s Federal Practice, 2nd Ed., § 60.28 [3], p. 327. These authorities do not hold that a new service of process is necessary to bring a party back into court upon a motion for relief pursuant to Rule 1.38(b). Therefore, appellant’s contention that the court was without jurisdiction to proceed upon the motion is not well founded.
 This leaves for determination the question of whether or not the granting of temporary injunctive relief without notice was erroneous or an abuse of discretion. Such relief can issue without notice when the court in its discretion is satisfied that a clear case is made by the sworn complaint or affidavit that the act to be prohibited is such that delay will be productive of serious damage, or that the very giving of notice would accelerate the injury. See Swepson v. Call (1869-1871) 13 Fla. 337; Seaboard Air Line Ry. v. Southern Inv. Co., 53 Fla. 832, 44 So. 351 (1907). It should be noted that the appellant filed no motion to dissolve the injunction. A recent appellate decision has recommended that there should be a filing of a motion to dissolve, and a hearing where the facts may be fully developed and an order entered. In the absence of such a procedure the allegations in a sworn complaint and the statements of supporting affidavits are presumed to be true. Tower Credit Corporation v. State by Dickinson, Fla.App. 1966, 183 So.2d 255.
The rule is that in a complaint seeking a temporary injunction without notice, the complaint must allege facts showing why and how the giving of notice will precipitate or accelerate the injury. Metropolitan Dade County v. Polk Pools, Inc., Fla.App.1960, 124 So.2d 737. In the sworn motion asking for temporary injunc-tive relief, the appellee stated that the appellant was placing “fill” upon the street-end forming the subject matter of this suit. Since no motion was made to dissolve the temporary injunction, we must presume that such control over the property was being exercised by the appellant. Therefore, taking the allegations of the motion *37 as true, we find no abuse of discretion in the granting of a temporary injunction without notice. Such relief should not be granted without notice unless the court is satisfied that it is a case of urgent necessity in which irrepairible mischief will be produced if relief is denied. Gillespie v. Chapline, 59 Fla. 500, 52 So. 722 (1910). Considering the fact that the court was acting to preserve the status quo of the property, we find no abuse of discretion.
Affirmed.