## TRASK v. KARRICK.

(Court of Appeals of District of Columbia. Submitted January 6, 1926. Decided February 1, 1926.)

No. 4281.

1. **Process ⬤⟹78—House long abandoned by defendant held not "last and usual place of abode," within meaning of statute.**

A house long abandoned as his home by defendant, and which has come into plaintiff's actual ownership and possession, through lien foreclosure, cannot be considered "the last and usual place of abode" of defendant, within Rev. Laws Mass. c. 167, § 31, relating to service of summons.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Last Place of Abode.]

2. **Process ⬤⟹78—Summons left at defendant's abandoned residence held not to give jurisdiction under Massachusetts statute.**

Leaving summons at house which defendant had abandoned more than 10 months previously, and which had come into plaintiff's actual possession and ownership through lien foreclosure, *held* not to give jurisdiction of defendant's person, under Rev. Laws Mass. c. 167, § 31.

3. **Appearance ⬤⟹9(1)—Defendant, denied any standing as party to record, held not to have made general appearance, conferring jurisdiction.**

Where papers, filed by defendant's counsel, including motion to dismiss for want of prosecution and answer, were stricken from files, and defendant denied standing as party to record, and denied right to file exceptions, he could not be held to have made a general appearance, conferring jurisdiction of his person.

4. **Judgment ⬤⟹572(2)—Order sustaining demurrer to bill on ground that adequate remedy at law existed held not res judicata.**

Order sustaining demurrer to bill, in suit to enjoin enforcement of judgment on ground that adequate remedy at law existed, *held* not res judicata on question of validity of judgment, in subsequent suit thereon.

Appeal from the Supreme Court of the District of Columbia.

Action by William Ropes Trask, executor and trustee of the estate of John C. Ropes, deceased, against James L. Karrick. Judgment for defendant, and plaintiff appeals. Affirmed.

Arthur Hellen, of Washington, D. C., for appellant.

C. H. Merillat and C. A. Keigwin, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and GRAHAM, Presiding Judge of the Court of Customs Appeals.

MARTIN, Chief Justice. The plaintiff below, now the appellant, sought to recover a judgment against the defendant, now the appellee, in the sum of $12,946.36, basing his cause of action upon a certain prior judgment for that amount theretofore recovered by the plaintiff against the defendant by consideration of the Supreme Judicial Court held at Boston, Mass., on January 29, 1920. The defendant below denied liability upon the judgment sued upon, claiming that it was void for want of jurisdiction over his person in the Massachusetts court wherein the judgment was rendered. Upon a trial of this issue the lower court directed a verdict for the defendant. This appeal followed.

It appears that the judgment herein sued upon was entered by the Massachusetts court in an action begun on December 2, 1895, by the filing of a declaration in contract, following a writ of attachment and summons against the defendant; that no personal service of the summons was ever made upon defendant, but a substituted service was reported by the sheriff, who stated that on November 12, 1895, he had left the summons at the last and usual place of abode of the defendant known to him in the state. No action (except a substitution of parties plaintiff) was taken thereafter in the case, nor was any pleading filed therein, until March 11, 1919, when the plaintiff moved for a judgment by default. Whereupon Arthur T. Johnson, an attorney at law, filed a paper on behalf of defendant reading as follows:

"In the above action I appear specially for James L. Karrick for the purpose of moving to dismiss, pleading discharge in bankruptcy, pleading judgment in the state of Vermont.

"[Signed] Arthur T. Johnson."

At the same time the attorney filed a motion to dismiss the case for want of prosecution, and an answer setting out the defenses specified in the appearance. Thereupon the plaintiff moved the court to strike the foregoing motion and answer from the files, upon the ground that at the time of their filing the defendant was in default for pleading of any kind, and that, when his attorney had sought leave to enter the de-

fendant's appearance in the case and file the motion and answer, the justice then presiding in court denied him that privilege. The court sustained this motion, and ordered that the motion and answer filed on behalf of the defendant should be stricken from the files. The court, moreover, refused to permit Johnson as attorney for the defendant to file exceptions to the foregoing order, upon the ground that he had no standing in the case. Judgment was then entered for the plaintiff, and that is the judgment sued upon below in the instant case.

It appears, furthermore, that at the time when the sheriff left the summons in the foregoing case at the certain premises which he described as the last and usual place of abode of the defendant known to him in the state of Massachusetts, the premises in question were not in fact the place of abode of the defendant, but had been permanently abandoned by him as a residence or place of abode about 10 months before, and were then in the actual possession and ownership of the plaintiff under the foreclosure of a lien thereon. It appears, furthermore, that the defendant had removed to Colorado in January, 1895, where he made his home until the year 1899, and that he was an actual resident of that state at the time of the substituted service in November, 1895.

[1,2] Upon these facts we conclude that the Massachusetts court never acquired jurisdiction in personam over the defendant in the foregoing case, and accordingly its judgment against him was null and void. It is provided by the Massachusetts statutes that, "if the summons is not served personally on the defendant, the original or a copy, as the case may be, shall be left at his last and usual place of abode, if he has any within the commonwealth known to the officer." Rev. Laws Mass. c. 167, § 31. In this instance the summons was not served upon the defendant personally, nor was it left at his last and usual place of abode within the commonwealth. A house long abandoned as a home by the defendant, and which had come into the actual possession and ownership of the plaintiff under such circumstances as these, cannot be considered as the last and usual place of residence of the defendant, within the sense of the statute, nor can a service of summons such as this confer jurisdiction over the person of the defendant.

"Before taking up the case in detail, it must be regarded as settled by previous decisions of this court that, where an action is brought to recover upon a judgment, the jurisdiction of the court rendering the judgment is open to inquiry; and the constitutional requirement as to full faith and credit in each state to the public acts, records, and judicial proceedings of every other state does not require them to be enforced if they are rendered without jurisdiction, or otherwise wanting in due process of law. This principle was so lately asserted by a decision in this court as to render unnecessary more than a reference to the consideration of the subject in Old Wayne Mutual Life Association of Indianapolis, Indiana, v. McDonough et al., decided on January 7, 1907, of the present term [27 S. Ct. 236] 204 U. S. 8 [51 L. Ed. 345]. It is also an elementary doctrine of this court that a judgment rendered in personam against a defendant without jurisdiction of his person is not only erroneous but void. Pennoyer v. Neff, 95 U. S. 714 [24 L. Ed. 565]. And the same case holds that such judgment is not required to be enforced in another state, either by the due faith and credit clause of the Constitution or the act of Congress (Rev. Stat. § 905) passed in aid thereof." Mr. Justice Day in Wetmore v. Karrick, 27 S. Ct. 434, 436, 205 U. S. 141, 148, 51 L. Ed. 745.

[3] The appellant, however, claims that in any event the procedure followed by the defendant's attorney, Johnson, should be given the effect of a general appearance of the defendant in the case, thus giving the court jurisdiction over him. This contention, however, is answered by the fact that the papers filed by Johnson were stricken from the files, and the defendant was expressly denied standing as a party to the record. Upon that ground he was even denied the right to file exceptions to the orders and judgments of the court in the case. In other words, Johnson was not permitted by the court to enter either a special or general appearance for the defendant in the case.

[4] It appears that, after the aforesaid judgment was entered by the Massachusetts court, the appellee commenced a suit in equity in the state of Massachusetts, seeking an injunction to restrain the appellant from proceeding with its collection. A demurrer to the bill was filed by appellant, upon the ground that the allegations of the bill failed to show that the appellee was entitled to any relief in equity, but showed that he had a complete and adequate remedy at law. The court sustained the demurrer and dismissed the bill. The appellant contends that this was an adjudication of the present claims of the appellee, and

that the latter is foreclosed from litigating them again in this case. This point is not well taken, for it is an established rule that, where a demurrer to a bill is sustained upon the ground that the complainant has an adequate remedy at law, it is no bar to an action or defense at law by the party upon the same facts. 2 Van Fleet's Former Adjudication, 568, 660; 1 Herman, Estoppel and Res Judicata, § 404; Lessee of John Lore, 10 Ohio St. 45.

There is no prejudicial error apparent in the record. The judgment of the lower court accordingly is affirmed, with costs.