JOSEPH A. FEDER, PLAINTIFF, v. HERMAN J. BODNER, DEFENDANT.

Submitted September 22, 1942—Decided October 16, 1942.

Before Justice HEHER, at the Passaic Circuit.

For the motion, *Sigmond Unger.*

*Contra, Harold Kaminsky.*

The opinion of the court was delivered by

HEHER, J. The sheriff's return certifies service of the summons and complaint on defendant on October 26th, 1936, "by leaving a copy of the same with his sister, Anna, a member of the family over the age of 14, at his usual place of abode, 48 Tennyson Pl., Passaic; N. J." There was no answer, but plaintiff did not move for judgment. On July 12th, 1937, an order was entered granting leave to plaintiff to file an amended complaint and directing defendant to answer the same within a prescribed time after personal service thereof. Service of the rule was not made until October 3d, 1941. The service was personal at the residence of the defendant in the City of New York. The motion to quash is grounded on the contention that, at the time of the service of the summons and complaint, defendant was a non-resident.

The sheriff's return of service is traversable in a direct proceeding to that end. *R. S.* 1937, 2:27-55. The inquiry

is whether service of the process was made by leaving a copy at defendant's "usual place of abode" in this state. *R. S.* 2 :27-59. Abode is one's fixed place of residence for the time being—the place where a person dwells. *Sweeney* v. *Miner,* 88 *N. J. L.* 361. One's "usual place of abode," in the statutory view, is the place where one is actually living at the time when the service is made. *Mygatt* v. *Coe,* 63 *Id.* 510. One who closes his place of abode in this state, and sojourns outside its borders, does not at such time have his "usual place of abode" here. *Feighan* v. *Sobers,* 84 *Id.* 575; *affirmed,* 86 *Id.* 356.

The evidence adduced on the rule to show cause demonstrates that service of the process was not made at defendant's usual place of abode. It affords no tangible basis for a finding that, when the service was made, defendant's abode was at his sister's home, No. 48 Tennyson Place, in the City of Passaic. Indeed, it appears that he has never lived at that place. His sister was married and lived there with her family. His last abode in this state was at No. 198 Monroe Street, in the City of Passaic. He left there in August, 1936, and has not since resided in this state. He dwelt in New York until October, 1936, when he removed to California. He resided there until May, 1937, when he returned to New York. There he has lived ever since. Thus the return is shown to be false, and the service must therefore be vacated.

The fact that defendant in his brief also asks that the service of the rule to plead be set aside does not constitute a general appearance. In the circumstances, this cannot be termed an unequivocal submission to the general jurisdiction of the court. A special appearance was entered for the purpose only of moving to vacate the service of the summons and complaint; and the demand thus made for the vacation of the dependent rule to plead, coupled as it was with the motion to quash the service of the original process, did not serve as an unqualified submission to the court's jurisdiction.

And, although unnecessary to the decision, it will perhaps be useful to point out that, at the time of service, the rule

to plead had lost its vitality. A rule to plead on or before a specific day, or within so many days after service thereof, expires if not served before the ensuing term; and a new rule must be taken before the plaintiff can proceed with his action. *Miller* v. *Halsey,* 16 *N. J. L.* 63; *Sassenburgh* v. *Shaver,* 7 *Id.* 170. If an application had been made for a new rule to plead immediately prior to the service of the old rule, in October, 1941, it might well have been denied upon the ground that, no sufficient reason therefor appearing, the delay signified abandonment of the action. *Brex & Bieler, Inc.,* v. *Sachs,* 20 *N. J. Mis. R.* 186; 26 *Atl. Rep.* (*2d*) 185; *Miller* v. *Halsey, supra.*

The rule is made absolute, without costs.