## ENCYCLOPAEDIA BRITANNICA, Inc., v. SHANNON.

### No. 8186.

United States Court of Appeals for the District of Columbia.

Decided Jan. 25, 1943.

Mr. Walter N. Tobriner, of Washington, D. C., for appellant.

Mr. Jack Politz, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

MILLER, Associate Justice.

On October 23, 1941, appellee recovered judgment in the Municipal Court of the District of Columbia against Marion Dusheck for $108.80 with interest and costs. On November 4, 1941, appellee caused a writ of garnishment to issue upon his judgment, attaching property and credits of Marion Dusheck in the hands of appellant. The Marshal served the writ upon "M. Dusheck" as agent of appellant on the 7th of November, 1941. Answers to the interrogatories accompanying the writ were executed and sworn to in the name of appellant by Marion Dusheck and filed on the 18th of November, 1941. The answers admitted credits due by appellant to Dusheck in the total sum of $106.39. On November 27, 1941, a judgment of condemnation was entered in the Municipal Court against appellant, the garnishee. On December 27, 1941, appellant moved to quash the service of writ of garnishment and to vacate the judgment. Supporting affidavits, which were not contradicted, set out substantially that Marion Dusheck, the principal defendant, was employed as secretary by appellant, performing the duties of clerk, stenographer and file clerk; that her services were terminated by appellant on the 19th day of November, 1941; that "M. Dusheck, agent" upon whom the writ of garnishment was served, was the principal defendant in the action, and the same Marion Dusheck who filed answers to the interrogatories in the name of appellant; that upon the date of service of the writ of garnishment, all agents and employees of appellant were out of the office except Marion Dusheck; that no other agent, servant or employee of appellant had notice or knowledge of the service of the writ or of the judgment until long after rendition of the judgment; that appellant had paid Marion Dusheck all money owing to her prior to receiving written notice from the attorney for appellee dated December 15, 1941, that the judgment

398

of condemnation had been rendered against it; that the local Sales Manager and agent in charge of appellant and the Assistant Manager of appellant were at the office of appellant, the place of service of the writ upon Marion Dusheck, on the 4th, 5th and part of the 6th day of November, 1941, and on the 10th day of November, 1941, and at all times subsequent thereto. It appears therefore that service was made upon Marion Dusheck on one of the three days during which the Manager and the Assistant Manager were absent from the office. It is not contended, however, that fraud or collusion occurred between the judgment debtor and the judgment creditor in having the writ of garnishment served upon the judgment debtor as the agent of the appellant.

We took the case to determine whether service so made was proper under the District of Columbia Code,[1] which provides that process against a foreign corporation may be served upon the agent of that corporation or upon the person conducting its business. Assuming for the purposes of this decision, only, that Marion Dusheck was such an agent within the meaning of the statute, we conclude, nevertheless, that no lawful and proper service was made.

■ The fundamental purpose of service, however made, is the giving of notice to the adverse party. Unless the method of service prescribed by the statute is reasonably calculated to give notice, it violates the constitutional requirements of due process.[2] It is apparent, therefore, that even though formal compliance may seem to be made with the letter of a statute, which in its terms satisfies this constitutional requirement, nevertheless, if such service is so made as to conceal rather than to give notice, then the very purpose of the statute is defeated.

■ Consequently, it has been held that service made upon such an agent, whose interests were antagonistic to those of his principal, did not satisfy the statute.[3] This Court has said: "In respect of an unincorporated association the service may be upon 'any agent or representative of the association whose character in relation to the association is such that it could be reasonably expected that he would give notice of the suit to his association.' "[4] If an officer, in purported compliance with the terms of the statute, acts in such manner as to prevent notice from reaching the person to be served, there is no compliance.[5] Suppose, for example, that an officer, in purporting to make substituted service upon a resident of the District, had taken process to the person's residence and left it there, upon the live coals in a fireplace, where it was promptly consumed by fire. Under such circumstances, no one would contend that good service had been made, even though literal compliance had, perhaps, been made with the applicable statute.

■ In the present case, the officer could not fail to see, from the process which he served, and from the return which he made, that the person upon whom service was made, was the judgment debtor named in the writ. Moreover, appellee must have known this to be the fact. As appellee depends upon good service to make his recovery, he has the burden, not only of avoiding collusion, but of showing good faith in his attempt to secure proper service.[6] Under the circumstances of the present case, appellee must have realized that, intentionally or otherwise, he had played directly into the hands of the judgment debtor who, far from giving to appellant the notice which the law contemplated, concealed the fact of service for her own interest and prevented notice from reaching her employer. Obviously this did not constitute compliance with the spirit and purpose of the statute.[7]

[1] D.C.Code (1924) § 1537, id. (1940) § 13—103.

[2] Milliken v. Meyer, 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278, 132 A.L.R. 1357; American Land Co. v. Zeiss, 219 U.S. 47, 67, 31 S.Ct. 200, 55 L.Ed. 82; Wise v. Herzog, 72 App.D.C. 335, 337, 114 F.2d 486, 488, and cases there cited; Restatement, Conflict of Laws, (1934) § 75.

[3] Consolidated Iron & Steel Co. v. Maumee Iron & Steel Co., 8 Cir., 284 F. 550.

[4] Operative Plasterers' and Cement Finishers' Int. Ass'n. v. Case, 68 App.D. C. 43, 52, 93 F.2d 56, 65.

[5] Trask v. Karrick, 56 App.D.C. 130, 131, 10 F.2d 995, 996.

[6] See Wuchter v. Pizzutti, 276 U.S. 13, 19, 20, 48 S.Ct. 259, 72 L.Ed. 446, 57 A.L.R. 1230.

[7] See McDonald v. Mabee, 243 U.S. 90, 37 S.Ct. 343, 61 L.Ed. 608, L.R.A.1917F, 458; Atwood v. Sault Ste. Marie Light, Heat & Power Co., 148 Mich. 224, 111 N.W. 747, 118 Am.St.Rep. 576.

We have examined other points urged by appellee, in support of his judgment, and find them to be without merit.

Reversed.