## HALPERN v. GUNN.
### No. 784.

Municipal Court of Appeals for the
District of Columbia.

May 17, 1949.

I. H. Halpern, Washington, D. C., for appellant.

Douglas A. Clark, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

This is an appeal from an order quashing service of process on defendant, Carrie M. Gunn.

The record shows that on October 25, 1948, the marshal left a summons for said defendant with one Clark Willett at 6616 2nd Street, N. W., in the District of Columbia. The process was left with Mr. Willett, a boarder at the premises, pursuant to Civil Rule 4(c) (1) of the Municipal Court, the pertinent part of which provides for service of process, " * * * by leaving copies thereof at his dwelling house or usual

place of abode with some person of suitable age and discretion then residing therein * * *."

Service was ineffective unless the place of service was the dwelling house or usual place of abode of defendant at time of service.[1] The record shows there was substantial evidence that Carrie M. Gunn was at the time of attempted service a resident of Florida, and no evidence that she had ever had her usual place of abode at 6616 2nd Street, N. W., or that it had ever been her dwelling house.

The trial court found that the place of service at time of service was neither defendant's dwelling house nor her usual place of abode and thereupon granted the motion to quash. This finding was supported by more than substantial evidence. The order quashing service was therefore correct and must be affirmed.

[1] 42 Am.Jur., Process, § 61; 50 C.J., Process, § 98; annotation 127 A.L.R. 1267. See also. Trask v. Karrick, 56 App.D.C. 130, 10 F.2d 995; Feder v. Bodner, 129 N.J.L. 173, 28 A.2d 539; State ex rel. Merritt v. Heffernan, 142 Fla. 496, 195 So. 145, 127 A.L.R. 1263.