Charline S. McINTYRE, Appellant,

v.

Juan Desperee McINTYRE, Appellee.

No. 2867.

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 27, 1961.

Decided Dec. 21, 1961.

I. William Stempil, Washington, D. C., for appellant.

No appearance for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

CAYTON, Acting Judge.

This was an action brought by a wife for an absolute divorce on the ground of desertion. After a trial on the merits the judge ordered a dismissal with prejudice on the ground that plaintiff "has not offered satisfactory proof of mailing of publication to the last known place of residence of the defendant." Plaintiff wife has appealed.

The evidence for plaintiff may fairly be summarized as follows. Her husband left her without cause and over her protest in 1939, saying he "just wanted a place to himself" and she has not seen or heard from him since, except for one brief occasion in 1941. She learned from friends that he had gone to live with his only relative, a sister, at a given address in Chicago. Soon afterwards she wrote to him in care of his sister at that address; that letter was not returned, and was presumably received by him. Several later letters were returned "unclaimed." She also tried to reach him and his sister by telephone and was told that neither of them was listed. A friend of plaintiff testified she went to the Chicago address about ten years before the trial and no one answered the door. Plaintiff's attorney testified that in 1959 he was in Chicago and

called the telephone company in an attempt to locate defendant and his sister and was advised that there was no listing for either of them. Also he found neither of them listed in the Chicago city directory. He also testified that he was in Chicago three times the following year, "and each time I followed through." Also he sent letters to defendant in care of his sister and they were returned "unclaimed."

We are at a loss to understand why the foregoing evidence was rejected as unsatisfactory. The trial judge commented that plaintiff and her attorney both knew that defendant did not live at the Chicago address and that such was not his last known place of residence. The first of these statements may be correct, in view of the numerous and fruitless efforts to reach the husband at the named address. But it by no means follows that plaintiff or her attorney knew of a later or better address. The evidence established otherwise. The Chicago address was, to plaintiff's knowledge, the last place defendant lived and the last place at which she had been able to reach him. It would be sheer speculation, and unfair as well, to conclude that plaintiff and her attorney knew where defendant was, or had later or better information which they were concealing from the court.

The trial judge based his ruling on Trask v. Karrick, 56 App.D.C. 130, 10 F.2d 995. There it was held that a house long abandoned by defendant and which had come into actual ownership and possession of plaintiff through lien foreclosure cannot be considered the "last and usual place of abode" of defendant, under a Massachusetts statute. That decision does not govern here. Aside from the fact that the statute there was different from ours, that plaintiff's position was patently untenable because it rested on an obvious fiction. In the case before us the evidence was not inherently incredible, and the efforts to locate the long-deserting spouse were persistent and diligent.

We agree with appellant that there is another reason for holding the decision below erroneous. The Code section which the trial court cited (Code 1951, § 13–111) provides that plaintiff shall file an affidavit showing mailing of copy of advertisement (of publication) to defendant at his last known place of residence, "or that he has been unable to ascertain the last place of residence of said party after diligent effort to ascertain the same." Even if it could be said that plaintiff did not succeed in accurately establishing defendant's most recent place of residence, the evidence clearly established that she had diligently tried to ascertain it. Thus she had complied with the statute.

Reversed, with instructions to grant plaintiff the relief prayed for in her complaint.

HOOD, Associate Judge (dissenting).

I think the majority misconstrues the action of the trial court. The trial court did not reject appellant's evidence as unsatisfactory. The court accepted the evidence and in view of it ruled that appellant's affidavit was not in compliance with Code 1961, § 13–111, which provides that no order or decree be passed against a nonresident upon proof of notice by publication "unless the complainant, plaintiff, his agent, or solicitor, or attorney shall file in the cause an affidavit showing that at least twenty days before applying for such order or decree he mailed, postpaid, a copy of said advertisement, directed to the party therein ordered to appear, at his last known place of residence, or that he has been unable to ascertain the last place of residence of said party after diligent effort to ascertain the same."

Appellant's evidence at trial clearly established that even if her husband had once

lived at 6201 Loomis Boulevard, Chicago, Illinois, he had not lived at that address for many years preceding the filing of this action; yet her attorney's affidavit, purporting to comply with the Code Section, states that notice was mailed to the husband at that address. The requirement of the statute that notice be mailed to the absent party's "last known place of residence" does not mean the last place known to the plaintiff, but the last place known to those who ordinarily would know it.[1] The purpose of the statute is to require reasonable means of giving the absent party actual notice of the pendency of the proceeding. The Chicago address may have been the husband's last place of residence known to the wife, but she knew that he had not lived there for many years, and sending notice to him at that address was a perfectly useless thing to do.

If, after diligent effort, the absent party's last place of residence cannot be ascertained, the affidavit should so state, and then no notice is required to be mailed. The majority opinion says that the plaintiff's evidence established that she had diligently tried to ascertain the last known place of residence, but evidence given at trial cannot be used as a substitute for the statutory requirement as to the filing of an affidavit. The statutory requirements for proceeding against a nonresident must be strictly followed or else the court does not acquire jurisdiction. They were not followed here and I think the trial court correctly ruled that it lacked jurisdiction of the case. However, I think the trial court went too far in dismissing the action with prejudice. Failure to obtain proper service on the defendant should merely stay the action until such service can be obtained. It is not ground for dismissal.

1. Hartley v. Vitiello, 113 Conn. 71, 154 A. 255; Glenn v. Holub, D.C.S.D.Iowa, 36 F. Supp. 941.