ALEXANDRIA NATIONAL BANK, a corporation, Appellant,

v.

CAIRO HOTEL, a corporation, Appellee.

No. 2953.

Municipal Court of Appeals for the District of Columbia.

Submitted July 16, 1962.

Decided Sept. 18, 1962.

William R. Scannell, Washington, D. C., for appellant.

George J. Charles, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

Appellant, the holder of a note executed by one Addleman, took a default judgment against him. Thereafter appellant had an attachment issued against salary due Addleman from the Cairo Hotel, where Addleman was employed as manager and auditor. The writ of attachment was served on Addleman, and he answered the writ and the interrogatories on behalf of the hotel, signing his name as manager. The corporate employer was unaware of the service of the writ, and of Addleman's response, until Addleman left his employment there, nearly two years after the return of the writ. Appellant's motion for judgment and recovery against the hotel as garnishee was denied by the trial court on the ground that the garnishee had not been properly served. This appeal is taken from that ruling.

The ruling of the trial court was correct. Assuming that under ordinary circumstances Addleman was a proper person for receiving service of process upon his employer, service upon him under the circumstances of this case was not valid service on the garnishee because he was the judgment debtor and the attachment was against his wages.

Even though the person served "is within the terms of a statute, if his relation to the plaintiff or the claim in suit is such as to make it to his interest to suppress the fact of service, such service is unauthorized." 42 Am.Jur., Process § 108. Much the same principle was enunciated in Encyclopaedia Britannica, Inc. v. Shannon, 77 U.S.App.D.C. 125, 133 F.2d 397, a decision which we deem to be dispositive of the case at bar.[1] There the writ of garnishment was served on a secretary employed by the garnishee who was also the judgment debtor and her employer had no knowledge of the garnishment. In reversing a judgment against the garnishee, the United States Court of Appeals had this to say:

"The fundamental purpose of service, however made, is the giving of notice to the adverse party. Unless the method of service prescribed by the statute is reasonably calculated to give notice, it violates the constitutional requirements of due process. It is apparent, therefore, that even though formal compliance may seem to be made with the letter of a statute, which in its terms satisfies this constitutional requirement, nevertheless, if such serv-

1. See also Rosenberg's, Inc. v. Stanley Lloyd, Inc., D.C.Mun.App., 183 A.2d 835 (decided August 20, 1962).

ice is so made as to conceal rather than to give notice, then the very purpose of the statute is defeated."

It must have been plain to the officer serving the writ, and to appellant, as it was in Shannon, that the person named as defendant in the writ and the person who was served with the writ and who answered the interrogatories on behalf of the employer-garnishee were one and the same. Knowing this, appellant should have been aware that the judgment debtor could suppress the fact of service from his employer, thereby frustrating the purpose of the statute. Appellant could not rely on service which did not meet minimal constitutional requirements, and the trial judge properly declined to render a judgment based thereon.

Affirmed.