840 F.2d 188
 1988-1 Trade Cases 67,892, 10 Fed.R.Serv.3d 1009
 In re FINE PAPER ANTITRUST LITIGATION, Walter E. Riordan,
P.A. on its own behalf and on behalf of Hennepin
Press, Inc., one of the plaintiffs and a
member of the class.
 No. 87-1151.
 United States Court of Appeals,
Third Circuit.
 Argued Dec. 16, 1987.
Decided Feb. 18, 1988.
 
 Robert W. Dygert (argued), Dygert & Dygert, Minneapolis, Minn., for appellant.
 Harold E. Kohn, Dianne M. Nast (argued), Elkan M. Katz, Victor P. Barall, Kohn, Savett, Klein & Graf, P.C., Philadelphia, Pa., for appellees.
 Before GIBBONS, Chief Judge, COWEN, Circuit Judge and DEBEVOISE, District Judge.*
 OPINION OF THE COURT
 GIBBONS, Chief Judge:
 
 
 1
 Walter E. Riordan, P.A. (Riordan) and Hennepin Press, Inc. (Hennepin) appeal from Post-Judgment Order No. 107, which awards from a class action fund in court $1,500,000 to be distributed to 22 law firms. Riordan is a law firm which seeks a fee award from the settlement fund. Hennepin is a member of the plaintiff class to which the settlement fund, less fees and costs awarded, will be distributed. Order No. 107 provides that there is no just reason for delay and final judgment is entered pursuant to Fed.R.Civ.P. 54(b). Thus the appeal is from a final judgment. The law firms to which the $1,500,000 award was made have moved to dismiss the appeal. We will deny that motion, and we will reverse Order No. 107.
 
 I.
 Proceedings in the District Court
 
 2
 The fund in court from which Order No. 107 makes the contested award was created by settlements of class action antitrust actions against a number of paper manufacturers. Twelve of these actions were transferred by the Judicial Panel on Multi-District Litigation to the Eastern District of Pennsylvania, where they were consolidated with four such actions pending there. The settlement fund totaled $50,650,000, and post-settlement interest earned by the fund ultimately raised it to over $80 million. After the settlement, 41 separate petitions were filed seeking awards from the fund in the aggregate amount of $21 million in fees and expenses. Objections to these petitions were filed by a number of law firms and class members. After contested hearings, the district court awarded fees aggregating approximately $4.3 million and expenses of approximately $1.1 million. In re Fine Paper Antitrust Litig., 98 F.R.D. 48 (E.D.Pa.1983).
 
 
 3
 Of the 41 fee petitioners affected by the district court's rulings, 20 filed notices of appeal. Of those who appealed, nine formally withdrew their appeals before this court acted on them. Eleven fee petitioners pursued their appeals. This court affirmed insofar as the judgment denied the fee application of one petitioning law firm, but reversed and remanded for redetermination of the amounts of fees and expenses to be awarded to the other ten. In re Fine Paper Antitrust Litig., 751 F.2d 562 (3d Cir.1984). On remand, after further proceedings, additional awards were made to the ten successful appellants, only one of whom has appealed from the modified awards.[1] The additional awards made as a result of this court's mandate are not the subject of this appeal.
 
 
 4
 Our decision in the prior appeal was handed down on December 13, 1984. Thereafter, between March and December of 1985, thirteen fee claimants who were not parties to that appeal filed Fed.R.Civ.P. 60(b) motions to reopen the fee judgment and increase their awards. The moving parties included seven law firms who had appealed, but whose appeals were withdrawn, and six law firms which had not appealed the original awards. The moving parties sought adjustments of historic hourly rates, application of an increased contingency multiplier, and adjustments for delay in payment. A fair characterization of their position is that they sought the same treatment as was required by this court's mandate for the successful appellants.
 
 
 5
 Timely objections to the Rule 60(b) motions were filed in April of 1985, on behalf of several class members. Objectors included the firm of Weil, Gotshal & Manges, which represented the class members who objected to the original fee requests and appeared for those class members as appellees in our prior appeal, the State of Illinois, a class member, Sloan & Associates, P.C., a law firm representing class members and holding a fee claim against the fund, and several other class members. The objectors contended that the moving parties could not remedy their failure to appeal by a Rule 60(b) motion filed long after the judgment affecting them had become final.
 
 
 6
 A hearing on the motions and objections was scheduled for June 26, 1986. For reasons which do not appear of record that hearing was never held. Apparently settlement negotiations had taken place in the meantime. Riordan was aware of these negotiations, although he apparently did not participate in them. On July 28, 1986, Riordan filed objections to the Rule 60(b) motions. In his moving papers he specifically adopted the memorandum dated April 1, 1985, filed on behalf of class members by Weil, Gotshal & Manges in opposition to those motions. No hearing was scheduled on Riordan's objections.
 
 
 7
 On February 17, 1987 the district court filed Post-Judgment Order No. 107. The order recites that Rule 60(b) motions were filed by thirteen firms, and in relevant part provides:
 
 
 8
 objections to said Motions having been withdrawn; the Court being advised that after extensive negotiations between counsel for the movants on the one hand and counsel for the class member objectors and other objectors on the other, the movants, on behalf of all non-appellant, non-governmental counsel who were awarded attorneys' fees by this Court's Orders of March 3, 1983 (Appendix B hereto), are willing to accept, in full settlement of their claims for attorneys' fees for the services as set forth in the fee applications adjudicated by said Orders, an additional award in the amount of $1,500,000, the Court finding said award to be fair, reasonable and proper for such aforesaid services rendered by these counsel on behalf of the class, and counsel for the class member objectors and other objectors not having objected to the entry of the following Order, it is hereby:
 
 ORDERED
 
 9
 1. Additional attorneys' fees are hereby awarded to all non-appellant, non-governmental counsel who were awarded attorneys' fees by this Court's Orders of March 3, 1983 (listed in Appendix B hereto), in the additional amount of $1,500,000, for the aforesaid services, to be apportioned among said counsel in proportion to the attorneys' fees awarded said counsel respectively by the Orders of March 3, 1983.
 
 
 10
 2. Thirty-one days after the entry of this Order, Harold E. Kohn, Esquire, as escrow agent of the settlement fund, will cause checks to be issued and mailed, or will cause wire transfers to be made, from said settlement fund in the total additional amount of $1,500,000 payable to said counsel, in the aforesaid respective amounts provided in paragraph 1 above.
 
 
 11
 3. There being no just reason for delay, final judgment is hereby entered on this award and Order pursuant to Rule 54(b), F.R.C.P.
 
 
 12
 Listed in Appendix B are not only the thirteen firms which filed Rule 60(b) motions, including the six firms which had not appealed the original awards, but also nine firms which had not appealed and had not even filed Rule 60(b) motions.[2] The order does not set forth how much of the $1,500,000 is to be paid to each of the 22 beneficiaries, and that information is nowhere of record. It merely directs payment in proportion to the fee awards made in the original fee judgment, without regard to any individual differences in the respective merits of the individual petitions. The record does not disclose the reason why objections filed on behalf of class members were withdrawn. The recital in the order that all objections to the Rule 60(b) motions had been withdrawn is a misstatement of fact, for it is undisputed that Riordan's objection, at least, was never withdrawn. No notice was given to the class members interested in the fund of the proposal to approve an additional fee award of $1,500,000 to petitioners who were not parties to the prior appeal. No notice was given to class members interested in the fund of the withdrawal of objections by class members who had undertaken to object. The record discloses no independent review by the district court of the merits of the Rule 60(b) motion, and no independent review by the district court of the legality of distributing funds from a fund in court to parties who never even applied for such relief.
 
 II.
 Appealability Issues
 
 13
 A timely notice of appeal was filed from Order No. 107 by Riordan on his own behalf and on behalf of Hennepin Press, Inc., one of the plaintiffs and a member of the class. Timely notices of appeal were also filed on behalf of other plaintiffs and class representatives by the law firms Barrack, Rodos & Bacine; Berger & Montague, P.C.; Gross & Sklar, P.C.; Kohn, Savett, Marion & Graf, P.C.; Levin & Fishbein; Wolf, Block, Schorr & Solis-Cohen; and Hallisey and Johnson. All of these firms except Hallisey and Johnson are beneficiaries of Order No. 107, who made Rule 60(b) motions, and thus are appellees in the Riordan-Hennepin appeal. Hallisey and Johnson is one of the successful appellants in our prior appeal, whose claim on remand for additional compensation was settled and is not before us. In April of 1987 the appeals of all appellants except Riordan and Hennepin Press, Inc. were dismissed in accordance with a waiver filed pursuant to Fed.R.App.P. 42(b). The dismissals were entered by the Clerk of this Court when the listed law firms filed motions to withdraw the appeals, and supported the motions with the representation:
 
 
 14
 appellees have consented to the withdrawal of this appeal. Appellants and appellees have each agreed to pay their own costs incurred in respect to this appeal.
 
 
 15
 The motions did not inform the Clerk that six of the law firms making the motion actually were appellees. Thereafter the former counsel for appellant class members, now wearing an appellee hat, moved to dismiss the Riordan-Hennepin appeal for lack of standing.
 
 
 16
 Three reasons are advanced in support of the motion to dismiss: (1) that Riordan, a law firm acting on its own behalf, has no standing to object to payments out of the fund in court; (2) that if the Riordan firm has standing its objection to the Rule 60(b) motion was untimely under Local Rule 20(c) of the Eastern District of Pennsylvania;[3] and (3) that Hennepin never filed any objection in the district court to the Rule 60(b) motion.
 
 
 17
 This is a class action, the settlement of which resulted in a fund in court in which two separate classes have an interest. One class includes the victims of the antitrust violations. The other includes attorneys whose efforts helped to produce the fund and who look to it for payment. See In re Fine Paper Antitrust Litig., 751 F.2d 562, 587-88 (3d Cir.1984). Hennepin is a member of the first class and Riordan of the second. In different degrees, both are affected by an order directing payment to the fund to others. Hennepin is affected directly by Order No. 107, because the $1,500,000 payment will reduce the fund available to victims of the antitrust violation. Riordan's interest is less direct. Unquestionably the amount that any attorney is awarded from a limited fund in court will reflect some consideration of the total amount to be awarded to all counsel. Thus it cannot be held as a matter of law that one attorney applicant lacks standing to object to the fee request of another. Indeed the principal law firm moving to dismiss Riordan's appeal for lack of standing to object to payments out of the fund was among the original objectors to the fee requests which were originally filed in this case. See In re Fine Paper Antitrust Litig., 751 F.2d at 571. That firm can quite properly respond that its objection was made in discharge of its fiduciary obligation to class members. That response, however, provides a further reason why Riordan, with the same fiduciary obligation to the class members, has the same standing to object to Order No. 107. See Greenfield v. Villager Indus. Inc., 483 F.2d 824, 832 (3d Cir.1973). Thus we reject the contention that Riordan lacked standing to object to the Rule 60(b) motions.
 
 
 18
 Reliance on Local Rule 20(c) is also misplaced in this class action. Objections, timely under that rule, were filed on behalf of the class members by Weil, Gotshal & Manges, representing the principal objectors to the fee awards, by five other law firms representing class members, and by the Attorney General of the State of Illinois. Riordan was entitled, as a representative of the class, to rely on their compliance with Local Rule 20(c). Indeed, until it became clear to Riordan that those firms were about to abandon their objections, that firm probably was obliged to refrain from duplicating their effort. We have no way of knowing why the timely filed objections were withdrawn without notice to the class. We hold, however, that Riordan and its client, the class member Hennepin, were entitled to rely upon those objections. The beneficiaries of Order No. 107 can show no prejudice from such reliance, because the reasons Riordan and Hennepin rely upon in now pursuing their objections are the same as those relied upon in objections which were filed in April of 1986. The district court did not rely on Local Rule 20(c) when it entered Order No. 107.
 
 
 19
 The motions to dismiss the Riordan and Hennepin appeals will, therefore, be denied.
 
 III.
 The Merits
 
 20
 Our first task in addressing the merits of the appeal from Order No. 107 is to categorize it. Riordan and Hennepin urge that whatever it is, it is not a Rule 60(b) order, because it confers a benefit on a number of law firms on whose behalf no Rule 60(b) motion was filed. The appellee beneficiaries of the order are noticeably unspecific in their brief on appeal. At oral argument, however, their counsel took the position that the order was a Rule 60(b) ruling. We will so treat it since no other authority for its entry is relied upon.
 
 
 21
 The original judgment awarding fees became final for all purposes, as to all fee petitioners who did not file a notice of appeal, when their time for appeal expired in the spring of 1983. That judgment became final for all purposes, as to all fee petitioners who filed notices of appeal but dismissed them, at the time of those dismissals, all of which also were in the spring of 1983. The Rule 60(b) motions were filed between March 22 and December 27, 1985. Putting to one side for the moment the question of relief afforded to law firms that did not file such motions, we turn to the question whether Rule 60(b) relief was legally permissible even for the firms that did so. Our starting point is the text of the rule, which in relevant part provides:
 
 
 22
 On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.
 
 
 23
 It is immediately apparent that of the six grounds in the rule for relief from a final judgment, the first five have no application. There is no allegation of mistake, inadvertence or excusable neglect, newly discovered evidence, or fraud. There is no contention that there was any such defect in the underlying proceeding as to render the judgment void. There is no issue of satisfaction, release or discharge. The judgment is for money, and thus has no prospective operation. Thus the sole ground for relief is the catchall provision "any other reason justifying relief from the operation of the judgment."
 
 
 24
 The "other reason" on which the Rule 60(b) moving parties rely is the ruling of this court, made at a time when the judgment was final as to them, which mandated for the successful appellants a more favorable treatment of historical billing rates, of the contingency multiplier for time expended after January 16, 1979, of the adjustment for delay in payment and, for one firm, of time spent on industrial analysis work, than is reflected in that judgment. See In re Fine Paper Antitrust Litig., 751 F.2d at 591-96. Thus the controlling legal question is whether a final money judgment may be reopened several years after the time for appeal has expired because of a favorable legal ruling in some other party's appeal. The answer to that question is negative.
 
 
 25
 In Marshall v. Board of Educ., Bergenfield, N.J., 575 F.2d 417 (3d Cir.1978), this court considered the plight of a school board subjected to a judgment requiring the payment of overtime under the Fair Labor Standards Act. The school board had previously appealed to this court, which summarily affirmed on the authority of Maryland v. Wirtz, 392 U.S. 183, 88 S.Ct. 2017, 20 L.Ed.2d 1020 (1968). 530 F.2d 964 (3d Cir.1976). The school board did not petition for certiorari or appeal to the Supreme Court. That Court, in National League of Cities v. Usery, 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 242 (1976),[4] overruled Maryland v. Wirtz. The school board then made a Rule 60(b) motion in the district court for relief from judgment. The district court relieved the school board from the prospective operation of an injunction. See Fed.R.Civ.P. 60(b)(5). The court refused to relieve the school board from the judgment for money, however, and this court affirmed. This court held that while Rule 60(b)(5) authorizes relief from judgments such as injunctions which are prospective in operation, judgments at law for damages are inherently final. Marshall, 575 F.2d at 425; see also American Iron & Steel Institute v. EPA, 560 F.2d 589, 599 (3d Cir.1977), cert. denied, 435 U.S. 914, 98 S.Ct. 1467, 55 L.Ed.2d 505 (1978); 11 C. Wright & A. Miller, Federal Practice and Procedure Sec. 2863, at 205 (1973). This court has consistently held that the Rule 60(b)(6) ground for relief from judgment " 'provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances.' " Vecchione v. Wohlgemuth, 558 F.2d 150, 159 (3d Cir.) (quoting Mayberry v. Maroney, 529 F.2d 332, 335 (3d Cir.1976)), cert. denied, 434 U.S. 943, 98 S.Ct. 439, 54 L.Ed.2d 304 (1977). The only showing made in support of Rule 60(b) relief in this case is that litigants who pursued appellate remedies fared better than litigants who did not. The Marshall case explicitly forecloses Rule 60(b) relief on that ground.
 
 
 26
 This court's strict reading of Rule 60(b)(6) is consistent with Supreme Court precedent. In Federated Department Stores, Inc. v. Moitie, 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981), the Court considered the plight of plaintiffs in an antitrust case who failed to appeal from the dismissal of their private antitrust suits. Other plaintiffs in the same case appealed to the Court of Appeals for the Ninth Circuit, which reversed the dismissals. Meanwhile the parties who did not appeal sought antitrust relief in the state courts against the same defendants. These defendants removed to the federal court, contending that the state court suits, while couched in state law terms, were identical with the federal suits previously dismissed. The defendants moved to dismiss on res judicata grounds, and the district court granted the motion. The Court of Appeals for the Ninth Circuit reversed. The Supreme Court held that despite the fact that other parties had successfully appealed, the final judgment against the parties who failed to appeal was res judicata as to their federal law claims. Id. at 402, 101 S.Ct. at 2430.
 
 
 27
 The Moitie case discusses the problem in terms of res judicata without any explicit reference to Rule 60(b)(6). The principle of finality involved, however, is no different. In Ackermann v. United States, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950), Ackermann sought Rule 60(b)(6) relief from a judgment cancelling his certificate of naturalization. He had not appealed the judgment, and based the Rule 60(b)(6) motion on the ground that his attorney had advised him an appeal would be too costly. A relative of Ackermann, similarly situated, did take a timely appeal, and prevailed. The Supreme Court held that Rule 60(b)(6) relief was properly denied because Ackermann, represented by counsel, made a knowing choice to forego an appeal. Id. at 198, 71 S.Ct. at 211. The Rule 60(b)(6) motion presented here is an a fortiori case for two reasons. First, the moving parties are sophisticated law firms which present no explanation for failing to pursue their appellate remedies. Second, the judgment is one for money only, a matter of far less significance than citizenship.
 
 
 28
 The beneficiaries of Order No. 107 chiefly rely on Boughner v. Secretary of Health, Educ. & Welfare, 572 F.2d 976 (3d Cir.1978). That reliance is in vain. Boughner involved Rule 60(b)(1) and (6) motions seeking to reopen summary judgments in favor of the Secretary in cases involving benefits under the Federal Coal Mine Health and Safety Act of 1969, 30 U.S.C. Sec. 901 et seq. (1982). The ground for relief relied upon by the moving parties was that an attorney who had undertaken to represent a large number of black lung claimants had in effect abandoned 52 such claimants by failing to file responsive pleadings on their behalf in opposition to the government's summary judgment motions. We held that this wholesale abandonment, for which the litigants were in no way responsible, satisfied the exceptional circumstances test of Ackermann v. United States and Vecchione v. Wohlgemuth. Boughner, 572 F.2d at 978. Boughner is unquestionably sound, but it lends no support for the Rule 60(b)(6) moving parties before us. They do not contend that their choice to forego appellate remedies was other than counseled and knowledgeable.
 
 
 29
 It is clear beyond doubt, therefore, that the Rule 60(b) motions which were filed failed to state grounds on which relief from final money judgments could be granted. That being so, the motions certainly could not provide a basis for affording relief even to law firms which did not join in making them. Because we hold the motions to be legally insufficient there is no need to address the serious procedural questions raised by Riordan and Hennepin about the withdrawal of objections to those motions without notice to members of the class who were entitled to rely on those objections. Nor need we address the adequacy of the appellees' response to those questions--that the original notice of fee application sent to class members in 1981 was all they were entitled to.
 
 
 30
 We noted at the beginning of Part III that the beneficiaries of Order No. 107 defend it as a Rule 60(b)(6) motion. The legal sufficiency of the motion is a matter as to which our review is plenary. See Lasky v. Continental Prods. Corp., 804 F.2d 250, 255-56 (3d Cir.1986). We have exercised that review with the results set forth above. We note, however, that there are references in the appellees' brief to the fact that after the remand in our prior appeal there were settlement discussions covering all fee disputes. E.g., Appellee's Brief at 11. An argument might be made that Order No. 107 was not a Rule 60(b)(6) ruling, but rather the approval of a class action settlement. Such settlements are normally reviewed for abuse of discretion. See EEOC v. American Tel. & Tel. Co., 556 F.2d 167, 174 (3d Cir.1977), cert. denied, 438 U.S. 915, 98 S.Ct. 3145, 57 L.Ed.2d 1161 (1978). In fund in court cases, however, where there is a conflict of interest between fee applicants and class members interested in the ultimate distribution, heightened judicial scrutiny is required. In re Fine Paper Antitrust Litig., 751 F.2d at 583. At a minimum, court approval of a settlement of Rule 60(b)(6) motions seeking an award of $1.5 million out of a fund in court required independent scrutiny by the trial court of the question whether there was any legal merit to the motions. No such independent scrutiny appears in the record before us. If such scrutiny was made sub silentio, it involved clear legal error. As a result, even if we look at Order No. 107 as an order approving a settlement, such approval is an abuse of discretion. Thus nothing turns on any difference in scope of review of the two possible constructions of the order.
 
 IV.
 
 31
 Order No. 107 directing the payment of $1.5 million out of the settlement fund to the law firms listed on Schedule B attached to that order will be reversed. Costs shall be taxed in favor of Riordan and Hennepin against the law firms who were represented as appellees, and not against the fund. If any application for attorneys fees for the benefit conferred on the class by this appeal is made it shall be addressed to this court.
 
 
 
 *
 Hon. Dickinson R. Debevoise, United States District Judge for the District of New Jersey, sitting by designation
 
 
 [1]
 Riordan, one of the appellants here, has appealed at No. 87-1299. At No. 87-1300 class members have appealed the modified award to Riordan. Those appeals are disposed of by a Memorandum Opinion dated February 18, 1988
 
 
 [2]
 The Schedule B firms and their status of record is as follows:
 Austin, Roth, Sunde, McDonough & Tierney, P.A.
 + * Barrack, Rodos & Bacine
 
 
 *
 Bartsh & McIntosh
 + * Berger & Montague, P.C.
 
 
 *
 Chestnut & Brooks
 Contarino, Hutchinson & Scherin
 
 
 *
 Cotchett, Dyer & Illston
 Fine, Kaplan & Black
 Fine, Waltzer & Bagneris
 Greenfield & Schoen, P.C.
 + * Gross & Sklar, P.C.
 Johnson, Johnson & Eklund
 
 
 *
 Kleinman, Steinberg & Lapuk
 + * Kohn, Savett, Klein & Graf, P.C.
 + * Levin and Fishbein (formerly Adler, Barish, Levin & Creskoff)
 Litman, Litman, Harris & Specter, P.A.
 Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan
 
 
 *
 Stewart R. Perry
 + * Robinson, Silverman, Pearce, Aronsohn & Berman
 Schneider, Graf & Trio
 + * Wolf, Block, Schorr & Solis-Cohen
 
 
 *
 Wolf, Popper, Ross, Wolf & Jones
 
 
 *
 Firms which made Rule 60(b) motions
 + Firms which appealed but withdrew their appeals.
 
 
 [3]
 Local Rule 20(c) provides:
 Unless the parties have agreed upon a different schedule ... or unless the court directs otherwise, any party opposing the motion shall serve a brief in opposition ... within ten (10) days after service of the motion and supporting brief.... In the absence of timely response, the motion may be treated as uncontested.
 
 
 [4]
 Usery has since been overruled by Garcia v. San Antonio Metro. Transit Auth., 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985)