**In re Emily DAVIS, a/k/a Emily Winn, Debtor.**

**Robert J. TAYLOR, Trustee, Plaintiff,**

**v.**

**FREELAND & KRONZ, Wendell G. Freeland, Richard F. Kronz, and Emily Davis, Defendants.**

**Bankruptcy No. 84–2291–BM. Adv. No. 88–0446–BM.**

United States Bankruptcy Court, W.D. Pennsylvania.

Feb. 16, 1993.

L. Lawrence Hodge, Pittsburgh, PA, for debtor.

Gary W. Short, Pittsburgh, PA, for trustee.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Debtor Emily Davis requests that a judgment against her issued by this court on September 5, 1991 be vacated pursuant to FED.R.CIV.P. 60(b)(4), (5), and/or (6). Debtor asserts that the judgment should be vacated because it is void; because a prior judgment upon which it was based has been reversed; and because it would be unfair and inequitable to permit the judgment against her to stand when the judgment against her co-defendants was reversed on appeal.

The trustee opposes the motion and denies that there are good grounds for vacating the judgment.

Debtor's motion will be denied for reasons set forth below.

–I–

## FACTS

Debtor filed a voluntary chapter 7 petition on October 24, 1984. Her address at the time was listed as: 1720 Pierce Street, Aliquippa, Pennsylvania. On Schedule B–4, Exemptions, debtor claimed the proceeds of a pending lawsuit against Trans World Airlines ("TWA") as exempt pursuant to 11 U.S.C. Sections 522(b) and (d). The value of the lawsuit was listed as "unknown". The trustee did not formally object to the claimed exemption.

On October 16, 1985, debtor received a discharge. An appeal in the lawsuit against TWA was still pending at that time.

Approximately two (2) years later, on September 11, 1987, debtor and TWA settled the lawsuit for $110,000.00. Shortly thereafter, TWA issued a check to debtor and another check to the law firm of Freeland & Kronz ("F & K"), debtor's counsel in the lawsuit against TWA.

On October 8, 1988, the trustee commenced the present adversary action against debtor, F & K, Wendell Freeland, and Richard Kronz. The trustee sought to avoid postpetition transfers of estate property and to recover them for the benefit of debtor's creditors. Debtor's address had changed in the four (4) years since she had filed for bankruptcy. A copy of the complaint and a summons were served upon her at: 1762 Skyline Drive, Pittsburgh, Pennsylvania. Copies were also served upon debtor's bankruptcy counsel, Stanley Levine, Esq., at: 3100 Grant Building, Pittsburgh, Pennsylvania.

Trial on the adversary action was conducted on July 5, 1989. Debtor still resided at the time of trial at the Skyline Drive address.

Judgment was entered against F & K, Wendell Freeland, Richard Kronz, and debtor on September 7, 1989. They were directed to turn over to the trustee the sum of $23,487.75 plus interest. *In re Davis*, 105 B.R. 288 (Bankr.W.D.Pa.1989). This sum was sufficient to pay all unsecured claims in full without interest and pay the attorney to the trustee a modest fee. No sum was included for the trustee as his failure to timely object had necessitated this adversary action. Thereafter, the court reasoned, the debtor could pursue her "fresh start" debt-free after sharing approximately $86,500.00 with her attorney.

F & K, Wendell Freeland, and Richard Kronz ("appellants") filed a timely notice of appeal to the district court of the judgment against them. Debtor did *not* appeal the judgment as it pertained to her.

An order denying the appeal and affirming the judgment of this court was issued by the district court on September 7, 1990. *In re Davis*, 118 B.R. 272 (W.D.Pa.1990). Appellants thereupon filed a timely appeal of the decision of the district court with the United States Court of Appeals for the Third Circuit ("Third Circuit").

On March 13, 1991, while the appeal before the Third Circuit was pending, the trustee filed in this court an amended praecipe to enter judgment. The trustee sought to amend the judgment of this court which had been issued on September 7,

1989 to reflect post-judgment interest at the rate of 7.68%. No action on the trustee's motion was taken by this court at that time because of the pending appeal to the Third Circuit.

A judgment reversing the order of the district court was issued by the Third Circuit on July 8, 1991. *Taylor v. Freeland & Kronz*, 938 F.2d 420 (3d Cir.1991). The court held in pertinent part as follows:

> Absent a timely filed objection, the property claimed by a debtor as exempt under section 522 of the Bankruptcy Code is exempt. In this case, Davis the debtor claimed the potential proceeds of her then-pending lawsuit against TWA as exempt. No objection to that claimed exemption was filed with the court by any party in interest. The proceeds of the TWA lawsuit are thus exempt. Because we find for *Freeland & Kronz* on this issue, we need not decide other issues it has raised. We will reverse the order of the district court. (Emphasis added.)

938 F.2d at 426. The trustee thereupon filed a timely petition for a writ of certiorari to the United States Supreme Court. Since petitioner Emily Davis took no appeal, no determination of her liability was rendered by the Third Circuit. As she was not before the court, no order of reversal was issued as it relates to her.

An order was issued by this court on August 8, 1991 scheduling a hearing for September 5, 1991 on the trustee's motion to amend judgment which the trustee had filed on March 13, 1991. The Supreme Court had not yet determined whether it would grant certiorari with respect to the trustee's appeal.

On August 14, 1991, the trustee filed a certificate of service with respect to the hearing scheduled for September 5, 1991. The trustee certified that a copy of the order scheduling the hearing and a copy of the motion had been served on August 12, 1991 on debtor, on her counsel in the adversary action, on F & K, and on F & K's counsel. Notice had been sent to debtor by first class mail at: 1720 Pierce Street, Aliquippa, Pennsylvania, the address listed on her bankruptcy petition. Notice was sent to her counsel in the adversary action, Stanley Levine, Esq., at: 3100 Grant Building, Pittsburgh, Pennsylvania.

The trustee subsequently came to realize that notice had been sent to debtor at the wrong address. On August 21, 1991, the trustee filed another certificate of service certifying that a copy of the motion and the scheduling order for September 5, 1991 hearing had been sent to debtor that day by first class mail at: 1762 Skyline Drive, Pittsburgh, Pennsylvania, the address at which debtor resided when trial of the above adversary action was held.

A hearing was held as scheduled on the trustee's motion on September 5, 1991. Counsel for the trustee and counsel for F & K appeared. Neither debtor nor her counsel appeared at the hearing. An amended judgment against debtor was issued that same day in the amount of $30,440.23 to reflect post-judgment interest. Judgment was not entered against F & K, Wendell Freeland, or Richard Kronz in light of the decision by the Third Circuit on July 8, 1991.

The United States Supreme Court granted certiorari on November 27, 1991 in the appeal filed by the trustee. *See Taylor v. Freeland & Kronz*, —— U.S. ——, 112 S.Ct. 632, 116 L.Ed.2d 602 (1991). On April 12, 1992, the Supreme Court affirmed the judgment of the Third Circuit and held that the trustee's failure to object in a timely manner to debtor's claimed exemption, even though that claim was meritless and without colorable basis in law, precluded the trustee from contesting the validity of the exemption. *See Taylor v. Freeland & Kronz*, —— U.S. ——, 112 S.Ct. 1644, 1647–48, 118 L.Ed.2d 280 (1992).

On December 16, 1992, debtor filed a motion to vacate the judgment of September 5, 1992. A hearing on the motion was held on January 26, 1993.

–II–

ANALYSIS

Debtor asserts that the judgment against her issued on September 5, 1991 should be

set aside pursuant to FED.R.CIV.P. 60(b)(4), (5), and (6). She argues that the judgment against her is void, and accordingly must be vacated pursuant to Rule 60(b)(4), because she did not receive notice of the trustee's motion or of the hearing held on September 5, 1991. Debtor further insists that the judgment should be vacated pursuant to Rule 60(b)(5) because the prior judgment of September 7, 1989, upon which it was based, had been reversed on appeal. Finally, debtor maintains that the judgment should be vacated pursuant to Rule 60(b)(6) because it would be unfair and inequitable to allow the judgment against her to stand when the judgment against appellants had been reversed on appeal.

Each of these arguments is without merit. Debtor's request that the judgment against her issued on September 5, 1991 be vacated shall be denied.

*A) Rule 60(b)(4).*

FED.R.CIV.P. 60(b) applies, with certain exceptions not here relevant, to adversary proceedings. *See* Bankruptcy Rule 9024. It provides in pertinent parts as follows:

> On motion and upon such terms as are just, the court may relieve a party ... from a final order, judgment, or proceeding for the following reasons: .... (4) the judgment is void; (5) ... a prior judgment upon which it is based has been reversed or otherwise vacated....; or (6) any other reason justifying relief from the operation of the judgment....

■ As a general matter, Rule 60(b) cannot be used as a substitute for appeal. It may not be used to relieve a party of an erroneous ruling when that party has made a considered choice not to pursue an appeal. *See Ackermann v. U.S.,* 340 U.S. 193, 198, 71 S.Ct. 209, 211–12, 95 L.Ed. 207 (1950).

■ Motions brought pursuant to Rule 60(b) are directed to the sound discretion of the trial court. Denial of such relief will be set aside only upon a showing of abuse of discretion. *See Recreational Properties, Inc. v. Southwest Mortgage Corp.,* 804 F.2d 311, 314 (5th Cir.1986). The one exception is for a void judgment. The court has no discretion and must set it aside. *Id.*

■ A court cannot set aside or modify a final judgment it had issued previously and enter a new and different judgment without giving prior notice to all affected parties. *See Wetmore v. Karrick,* 205 U.S. 141, 27 S.Ct. 434, 51 L.Ed. 745 (1907). Failure to give such notice renders the judgment void. *Id.* A void judgment imposes no binding obligation upon the parties and is legally ineffective. *See Kalb v. Feuerstein,* 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940).

■ Debtor's reliance upon *Wetmore* in support of her request that the judgment issued on September 5, 1991 be vacated pursuant to Rule 60(b)(4) is inappropriate. Unlike the affected party in *Wetmore,* debtor and/or her counsel in the adversary proceeding received prior actual notice of the trustee's motion and of the hearing on the motion scheduled for September 5, 1991.

Debtor asserts in an unsworn affidavit that she never received actual notice of the trustee's motion or of the hearing held on September 5, 1991. The court is not persuaded by debtor's self-serving denial.

Service was made in accordance with FED.R.CIV.P. Rule 5(b), which pertains to service of pleadings and of other matters in adversary actions. *See* Bankruptcy Rule 7005. Rule 5(b) provides in pertinent part as follows:

> Whenever under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party is ordered by the court. Service upon the attorney or upon a party shall be made by delivering a copy to the attorney or party *or by mailing it to the attorney or party at the attorney's or party's last known address.... Service by mail is complete upon mailing.* (Emphasis added.)

As has been noted, a copy of the trustee's motion and notice of the hearing on it scheduled for September 5, 1991 were sent

to debtor on August 21, 1991 by first class mail at her last known address. There is no indication that debtor had changed her address once again. As far as can be determined from the record, debtor still resides at: 1762 Skyline Drive, Pittsburgh, Pennsylvania.[1]

Furthermore, even if *debtor* did not receive notice of the matter, her contention that proper notice was not received must be rejected. A copy of the motion and of the notice of hearing on it also were sent by first class mail on August 12, 1991 to her attorney in the adversary action at his place of business. There is no allegation or indication that her attorney of record did not actually receive a copy of the motion and the order scheduling a hearing. In addition, there is nothing in the record to indicate he was no longer her attorney at that time.

*B) Rule 60(b)(5).*

■ Debtor insists that the judgment against her issued on September 5, 1991 should be vacated pursuant to Rule 60(b)(5) because the judgment of September 7, 1989 upon which it is based was reversed on appeal.

Reliance upon Rule 60(b)(5) is inappropriate for several reasons.

As has been noted, debtor chose *not* to appeal the judgment against her that was issued on September 7, 1989. The subsequent reversal was the result of a successful appeal brought by her co-defendants in the adversary action.

■ An adverse judgment which is successfully appealed by one co-defendant but not by another co-defendant remains *the law of the case* as far as the co-defendant who did not appeal is concerned. Rule 60(b) does not provide an avenue for relieving the non-appealing co-defendant from the adverse judgment. *See Annat v. Beard,* 277 F.2d 554, 559 (5th Cir.), *cert.*

*denied,* 364 U.S. 908, 81 S.Ct. 270, 5 L.Ed.2d 223 (1960). In other words, the decision as to the non-appealing co-defendant stands. The reversal applies only to the judgment as it pertains to the co-defendants who successfully appealed.

■ The party who elected not to appeal is deemed to have waived the right to challenge that decision at a later time. *See Williamsburg Wax Museum v. Historic Figures, Inc.,* 810 F.2d 243, 250 (DC Cir. 1987). Barring a showing of unusual circumstances or compelling reasons, reconsideration of a prior decision in the same case is precluded by the doctrine of the law of the case. *See Wzorek v. City of Chicago,* 906 F.2d 1180, 1185 (7th Cir.1990). There are no unusual or compelling factors in this case which justify a departure from the doctrine of the law of the case.[2]

■ Moreover, although the judgment issued on September 5, 1991 unquestionably is "based" on the judgment issued on September 7, 1989, it is *not* "based" on the judgment of September 7, 1989 in the requisite sense.

■ Rule 60(b)(5) is limited to cases in which the judgment or order which one seeks to have vacated or set aside is "based" on a prior judgment or determination having *res judicata* or *collateral estoppel* effect. *See Marshall v. Board of Education, Bergenfield, N.J.,* 575 F.2d 417, 424 (3d Cir.1978). *Res judicata* and *collateral estoppel* apply where a decision or finding *in one case* determines the decision or an issue in a *different case.* They do *not* apply to decisions in the same case. *See In re Justice Oaks II, Ltd.,* 898 F.2d 1544, 1549–50 n. 3 (11th Cir.), *cert. den.,* 498 U.S. 959, 111 S.Ct. 387, 112 L.Ed.2d 398 (1990).

■ In short, application of Rule 60(b)(5) is limited to situations in which a decision or finding in one case is predeter-

---

1. Moreover, the motion itself clearly apprised debtor of the relief sought by the trustee. The motion unequivocally states that the trustee sought to have the judgment issued on September 7, 1989 amended to include accrued post-judgment interest at the annual rate of 7.68%.

2. Debtor has cited to what she contends are compelling circumstances which justify vacating the judgment against her. These circumstances will be discussed when debtor's reliance upon Rule 60(b)(6) is examined.

mined by a decision or finding in another case. The judgment issued on September 5, 1991 was *not* "based" on (or predetermined by) a decision reached in *another* case. Rather, it was based on a prior decision against debtor reached in the *same* case.[3]

### C) Rule 60(b)(6).

■ Finally, debtor argues that the judgment should be vacated pursuant to Rule 60(b)(6) because it would be unfair and inequitable to permit the judgment against her to stand when the judgment against her co-defendants has been reversed on appeal. This argument is even less persuasive than the arguments previously discussed and must be rejected.

■ As a general matter, a party will *not* be granted relief from judgment pursuant to Rule 60(b)(6) even though relief from the judgment might have been obtained had they taken an appeal. *See Ackermann,* 340 U.S. at 198, 71 S.Ct. at 211–12:

> Petitioner made a considered choice not to appeal, apparently because he did not feel that an appeal would prove to be worth what he thought was a required sacrifice of his home. His choice was a risk, but calculated and deliberate and such as follows a free choice. Petitioner cannot be relieved of such a choice because hindsight seems to indicate to him that his decision not to appeal was probably wrong.... There must be an end to litigation some day, and free, calculated, deliberate choices are not to be relieved from.

■ Rule 60(b)(6) vests a court with authority to vacate a judgment when such action is appropriate to accomplish justice. *See Klapprott v. U.S.,* 335 U.S. 601, 614–15, 69 S.Ct. 384, 390, 93 L.Ed. 266 (1949). Relief from judgment pursuant to Rule 60(b)(6) is extraordinary relief and may be granted only upon a showing of exceptional circumstances. *See In re Fine Paper An-*

*titrust Litigation,* 840 F.2d 188, 194 (3d Cir.1988).

Debtor's request that the judgment of September 5, 1991 be vacated pursuant to Rule 60(b)(6) must be rejected for several reasons.

To begin with, debtor made a calculated and deliberate choice not to appeal the judgment against her that was entered on September 7, 1989. *Ackermann,* if it is to remain vital, dictates that debtor is stuck with that judgment even though hindsight shows that she probably would have been successful had she appealed the judgment.

Also, debtor has not identified any exceptional circumstances which would justify relieving her from that judgment in order for justice to be accomplished. The only "exceptional circumstance" cited by debtor is that it would be unfair and inequitable to allow the judgment against her to stand when judgment against her co-defendants was vacated as a result of their successful appeal.

■ This "exceptional circumstance" is insufficient for a variety of reasons to justify vacating the judgment against debtor. A showing that a litigant who has successfully appealed an adverse judgment has fared better than a co-litigant who elected not to appeal does not justify relief pursuant to Rule 60(b)(6). *See In re Fine Paper Antitrust Litigation,* 840 F.2d at 194.

Moreover, the success of debtor's co-defendants on appeal does *not* even compel the conclusion that it would be "unfair or inequitable" to permit the judgment against debtor to stand. Had the Supreme Court held that the claimed exemption was proper, this inference *perhaps* would be justified. The Supreme Court, however, did not so hold. Rather, it held only that the trustee's action was *barred* because he had failed to object to the claimed exemption in a timely manner. Moreover, the parties agreed and the Supreme Court determined:

**3.** All of the cases cited by debtor in support of her request for relief pursuant to Rule 60(b)(5) involve situations in which a judgment in one case predetermined the outcome in a different case. The analysis just presented indicates that this is necessary for the granting of relief pursuant to Rule 60(b)(5) and is not coincidental.

... "that Davis did not have a right to exempt more than a small portion of these proceeds either under state law or under the federal exemptions specified in § 522(d). Davis in fact claimed the full amount as exempt. Taylor, as a result, apparently could have made a valid objection under § 522(1) and Rule 4003 if he had acted promptly."

*Taylor,* —— U.S. at ——–——, 112 S.Ct. at 1647–48. Indeed, had the trustee acted promptly the exemption claimed by debtor would not have been allowed as it lacked merit. Accordingly, it would be unfair and inequitable to debtor's creditors to vacate the judgment against her even though the judgment was reversed as to others.

An appropriate order shall be issued.